# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| PHILIP D. LACEY, | CASE NO. 15-CV-18-LAB-NLS |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*;** |
| vs. | **ORDER DENYING MOTION TO APPOINT COUNSEL;** |
| GO-STAFF, INC., et al., | **ORDER DENYING MOTION TO AMEND; AND** |
| Defendants. | **ORDER OF DISMISSAL** |

**IFP Motion**

Plaintiff Phillip D. Lacey filed a one-page complaint alleging that he is a victim of a conspiracy to violate his civil rights. The gist of his complaint is that he was harassed by people at job sites where he was sent to work by his employer, Go-Staff, a temporary employment agency. The harassment included "being called cheesy, old man, people attempting to get me to blow up, dropping materials on me, denying me access to the restroom and subjecting me to electronic attacks." (Docket No. 1 at 4.) Lacey alleges that he complained to Go-Staff but that the employer failed to acknowledge his complaints. He relates that he argued with a Go-Staff employee named "Angel," and that Go-Staff "refused to let [him] return to work because they ha[d] undisclosed concerns about [his] mental health, even though [he had] submitted doctor's release to work." (*Id.*) Lacey perceives that Go-Staff

discriminated against him based on his race (white) and sex (male), in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); based on his age (53), in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"); and perceived disability (not specified), in violation of the Americans with Disabilities Act ("ADA"). (*Id.* at 5.) The complaint attaches a "right-to-sue letter" from the U.S. Equal Employment Opportunity Commission ("EEOC"). The EEOC letter attests that Lacey has exhausted his administrative remedies.

Lacey did not pay the $400 filing fee, but instead filed a motion for leave to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915. He represents that he is unemployed and $3,000 in debt. Because Lacey doesn't have adequate income or savings to pay the filing fee, his IFP motion is **GRANTED**.

**Complaint**

The Court is required to screen Lacey's complaint. In its entirety, it alleges:

> Title 18 Sections 241 & 249. Plaintiff alleges conspiracy to violate civil rights between 2011 and present I have been subject to stalking, harassment, on and off the job, bank fraud, computer and cyber fraud, police reports & witnesses & documentation are available.

(Docket No. 1.)

The complaint doesn't say who did any of these things, or explain any other facts about the alleged conspiracy. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009). The Court notes that 18 U.S.C. §§ 241 and 249 are *criminal* statutes that, among other actions, prohibit conspiracies against civil rights and hate crimes; these statutes do not create a private right of action. *See e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (section 241); *Loos v. Oregon Dept. of Corrections*, 2012 WL 385385, at *6 (D. Or., Feb. 6, 2012) (section 249).

Merely attaching documents to a complaint is not enough to raise all the potential claims mentioned in the documents. The Court is not required to review attached records and make Lacey's claims for him. *See Gianello v. Holder*, 2014 WL 1255884, slip op. at *1 n.3 (S. D. Cal., Mar. 24, 2014) (citing *Donahue v. United States*, 660 F.3d 523, 524 (1st Cir. 2011) and *Jacobson v. Filler*, 790 F.2d 1362, 1364-66 (9th Cir. 1986)). That is particularly true here, because the attached documents and the complaint contain different claims and cite different statutes. The Court and Defendants would be left to guess whether the body

of the complaint, the exhibit, both, or neither, contain Lacey's real claims. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests"). What is more, although the caption of the complaint names two additional defendants, Mission Valley Medical Center and EDD CUIAB State of California, these entities aren't mentioned in the rest of the complaint at all.

Even if the complaint were to somehow incorporate the allegations in the exhibit, it would still fail to state a claim. Lacey does not allege what control, if any, Go-Staff had over the job sites it sent him to. And his allegations about "trying to get him to blow up," "subjecting him to electronic attacks," and the like are unintelligible. In addition, the alleged harassing remarks were not so severe as to create a hostile work environment in violation of Title VII. *See Davis v. Team Elec. Co.*, 520 F.3d 1080, 1095 (9th Cir. 2008) (isolated remarks don't amount to a hostile work environment). None of the remarks relate to Lacey's race at all, and Lacey does not allege that Defendants treated him worse than other employees because of his race, sex, or age. The only remark concerning his age and sex was "old man," which falls woefully short of establishing discrimination. Lacey provides no details about alleged retaliation. (*See* Docket No. 1 at 4-5.)

Lacey's EEOC form does not allege what disability, if any, Go-Staff perceived he was suffering from. *See* 42 U.S.C. § 12102(2)(C) (defining disability, impairment, and being regarded as impaired). *See also Murphy v. United Parcel Service, Inc.*, 527 U.S. 516, 521 (1999) (a plaintiff claiming "perceived disability" must show that his employer falsely believed that he had a "substantially limiting impairment"). Although Lacey says Go-Staff had "undisclosed concerns about [his] mental health," and he had a "doctor's release to work," this doesn't show Go-Staff perceived him as disabled. Go-Staff allegedly told Lacey it was suspending him because of his altercation with "Angel," but Lacey doesn't explain why this was not the real reason, or if it was the real reason, why it was not a permissible one. *See*

//
//
//

*EEOC v. United Parcel Service, Inc.*, 306 F.3d 794, 805 (9th Cir. 2002) (emphasizing "employer's motivations" in establishing "perceived disability").

**Appointment of Counsel**

The Court may appoint counsel for a litigant proceeding in IFP only after a finding of exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). This requires an evaluation of the likelihood of success on the merits, and the plaintiff's ability to articulate his claims. *Id.* As discussed above, it is unclear what Lacey's claims are, and the Court therefore cannot assess the likelihood of success on the merits. Although Lacey's claims are vague, he is obviously capable of writing and filing pleadings. Both *Terrell* factors weigh against him, so his motion to appoint counsel is **DENIED.**

**Motion to Add the City of San Diego**

Lacey has also moved to add the City of San Diego as a defendant. He again cites two criminal statutes, 18 U.S.C. §§ 246 (deprivation of benefits) & 241 (conspiracy), and alleges there are "documents, photos, law enforcement reports, eye witnesses and other supporting evidence" which implicate the City. (Docket No. 8.) He doesn't provide any information about who may have committed a criminal violation or why he is entitled to relief. *See* Fed. R. Civ. P. 8. Adding the City as a new defendant does nothing to cure the defects in his complaint. Because the amendment would be futile, the motion is **DENIED**.

**Dismissal and Amendment**

This case is **DISMISSED WITHOUT PREJUDICE**. If Lacey believes he can successfully amend his complaint, he may, after consulting Rule 8, file an amended complaint. Any amended complaint must be filed by **March 6, 2015**. If Lacey does not amend his complaint, or if his amended complaint does not correct the identified defects, this action shall be dismissed without additional leave to amend.

**IT IS SO ORDERED**.

DATED: February 9, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge